UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Z. B., by his mother and next friend, Tara Kilmer, <br><br> Plaintiff, <br><br> v. <br><br> Ammonoosuc Community Health Services, Inc., Littleton Regional Hospital, and the United States, <br><br> Defendants. | Civ. No. 03-540 (NH) <br> Civ. No. 04-cv-034-GVS <br> (ME) |

## SUPPLEMENTAL DECLARATION OF
## SUSAN P. LEWIS

Pursuant to the authority of 28 U.S.C. § 1746, I make the following declaration:

1. I am Susan P. Lewis, RN, COHN-S, Risk Management Coordinator, an official with the Department of Health and Human Services, Bureau of Primary Health Care (DHHS/BPHC) Quality Center. I am familiar with official Department of Health and Human Services ("Agency") records regarding the deeming of federally supported health centers pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA" or "the Act"), 42 U.S.C. § 233, the system by which those records are maintained, and the system of Bureau of Primary Health Care Program Information Notices (PINs) that applies to deemed, federally supported health centers. I am also familiar with the interpretation of the Act and its regulations and the application of these to the activities of deemed, federally supported health centers. I make this declaration based on personal

knowledge or upon information provided to me in the course of my responsibilities as Risk Management Coordinator.

2. DHHS/BPHC has interpreted the Act and its regulations to include all activities within the scope of a health center's grant application, unless these activities were specifically excluded from the notice of award. Thus, even if the Ammonoosuc home visiting program was funded in whole or in part by a source other than a section 254b grant, the program nevertheless falls within the confines of the Act if it was within the scope of the grant application and was not excluded in the notice of award.

3. PIN 99-08 is the current version of a PIN describing Federal Tort Claims Act ("FTCA") coverage under the FSHCAA. PIN 99-08 superceded PIN 96-7, which was in effect in 1997 and 1998. PIN 96-7, which was signed and effective on April 23, 1996, described the scope of FTCA coverage in the same manner as does PIN 99-08. I have attached a copy of pertinent excerpts of PIN 96-7 to this declaration as Exhibit 1.

4. On February 29, 1996, the Agency deemed Ammonoosuc Community Health Services, Inc., as a federal employee within the meaning of the FSHCAA and the Public Health Service Act, effective March 1, 1996. On June 21, 1996, Ammonoosuc's deemed status was renewed by the Agency, and it has continued without interruption since that date. Copies of the notifications from an Assistant Surgeon General setting forth the deeming and its renewal are attached to this declaration as Exhibits 2 and 3.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

_Susan P Lewis, RN, COHN-S_

Executed on: 31 March, 2004

DATE: April 23, 1996          96-7

                Document Title: Policies and Procedures
                for the implementation of the Federally-
                Supported Health Centers Assistance Act
                of 1995 (P.L. 104-73)

To:  Community Health Centers
     Migrant Health Centers
     Health Care for the Homeless Grantees
     Health Services for the Residents of Public Housing Grantees
     Primary Care Associations
     Primary Care Organizations

Enclosed is an update of malpractice liability protection for medical, surgical, dental, and related functions under the Federal Tort Claims Act, as it applies to certain Bureau of Primary Health Care grantees, including modifications of the program pursuant to the Federally-Supported Health Centers Assistance Act of 1995 (P.L. 104-73).

                    /s/
                Marilyn H. Gaston, M.D.
                Assistant Surgeon General
                Director

Enclosed

Exhibit 1

BPHC POLICY INFORMATION NOTICE: 96-7

# POLICIES AND PROCEDURES FOR THE IMPLEMENTATION OF THE FEDERALLY-SUPPORTED HEALTH CENTERS ASSISTANCE ACT OF 1995 (P.L. 104-73)

I. PURPOSE

This Policy Information Notice (PIN) outlines the guidance of the Bureau of Primary Health Care (BPHC) for the implementation of the Federally-Supported Health Centers Assistance Act (FSHCAA) of 1995 (P.L. 104-73) and specifies the application process for eligible grantees to be approved for malpractice coverage under the Federal Tort Claims Act (FTCA).

II. INTRODUCTION

FTCA coverage for eligible BPHC grantees was initially legislated through the FSHCAA of 1992 (P.L. 102-501) by amending Section 224 of the Public Health Service (PHS) Act. The eligible entities ("health centers") are Migrant Health Centers, Community Health Centers, Health Care for the Homeless grantees, and Health Services for Public Housing Residents grantees. The FSHCAA of 1995 was signed into law by the President on December 26, 1995, and eliminates the sunset provision of the previous law; thereby, making the program permanent. It also includes other amendments to Section 224 of the PHS Act which are described below.

III. COVERED INDIVIDUALS

The FSHCAA of 1995 amendments clarify that Section 224 covers any officer, governing board member, or employee of the health center. Employees are covered by FTCA whether they work on a full-time or part-time basis. Furthermore, licensed or certified health care practitioner contractors working full-time (i.e., on average at least 32 1/2 hours per week) or part-time providers of services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology are also covered under the FTCA.

It should be noted that FTCA provides protection only for

personal injury, including death, resulting from the
performance of medical, surgical, dental, or related
functions (i.e., malpractice). Consequently, even with FTCA
coverage, health centers will continue to need other types
of insurance coverage (e.g., director's and officer's,
general liability, auto insurance, etc.).

Volunteers are neither employees nor contractors and
therefore, are not eligible for FTCA coverage.
Typically, the Internal Revenue Service views an employee as
an individual who receives a "salary" on a regular basis,
with applicable taxes and benefits deducted along with
coverage for unemployment compensation. Individuals not
meeting these salary and withholding tests should not be
considered employees. Although health centers may be
sponsoring sites for Americorps members, the National and
Community Service Trust Act of 1993, 42 USC, section
1251(17)(b), in its definition of an Americorps member
states, "A participant shall not be considered an employee
of the program in which the participant is enrolled."
Consequently, they are not covered under the FTCA.

IV.  FTCA COVERED ACTIVITIES

FTCA coverage is restricted to acts or omissions which: (1)
occur on or after the effective date that the Secretary, HHS
has determined that the health center has met the
requirements for FTCA coverage (i.e., approval of deeming
application); (2) relate to activities that are within the
scope of the project; and (3) are within the scope of
employment (or contract for services).

A.  SCOPE OF THE PROJECT

Only acts and omissions related to activities within
the scope of the approved Federal project, as defined
in the health center's grant application, are covered.
FTCA coverage for new health services or additional
health delivery sites require evaluation as to its
appropriateness for inclusion under the scope of the
project. The request for a change in scope should be
submitted to the BPHC for approval. A Scope of the

Project PIN to be issued in the near future will provide additional information.

### B. SCOPE OF EMPLOYMENT

Health center personnel should have a clearly defined, written job description (includes employment agreement, a contract for services, etc.) that elaborates on the expectation of the individual. For health care practitioners, it is important to specify what type of services and where the individual would deliver such services. Although it is not necessary to be overly specific, it should be sufficient to determine whether the individual was acting within the scope of his/her

employment (or contract) with the health center, as opposed to moonlighting.

### C. SERVICES TO NON-HEALTH CENTER PATIENTS

The FSHCAA of 1995 codified into law section 6.6(d) of the final rule published in the Federal Register (Vol. 60, pages 22530-32) on May 8, 1995, which provides FTCA coverage for services to non-health center patients in certain situations. The Federal Register Notice (Vol. 60 pages 49417-18), issued September 25, 1995, provided examples of the type of activities within the scope of section 6.6(d) that are approved for FTCA coverage.

## V. PARTICULARIZED DETERMINATIONS

If a deemed health center is unsure whether an activity falls within the scope of section 6.6(d) it may apply to the Director, BPHC, for a determination of coverage. The request must be of sufficient detail to determine: (1) what services are provided, (2) who provides the services, (3) where the services are provided, and (4) why health center personnel are providing such services.

Particularized determinations relate only to activities that are within the previously approved scope of the Federal project. As mentioned above, queries regarding a new service or health delivery site are subject to the change of scope process before FTCA coverage can be considered.

## VI. DUAL COVERAGE

The FSHCAA of 1995 amendments provide an health center the option of choosing to meet its malpractice liability protection through the FTCA or purchase of private insurance policies. Health centers that have chosen not to apply for, or have terminated FTCA coverage, may use Federal grant funds for the purchase of private malpractice insurance.

In general, dual coverage (both FTCA and private malpractice insurance covering the same activities) would not be permitted and any such expenditures disallowed by the BPHC. However, it is recognized that some health centers may

phase-in FTCA coverage for its health care practitioners based on differing policy expiration dates or as a means to stagger required tail insurance expenditures. In these situations, temporary dual coverage is allowable.

The combined use of FTCA and gap coverage (i.e., private insurance for activities not subject to FTCA coverage) is

also allowable. This can be accomplished by purchase of a policy for discrete activities or as a wrap-around type of policy that clearly delineates that coverage is only for activities not subject to FTCA coverage.

Moreover, risk management activities by companies providing gap or wrap-around coverage focusing on resolution of potential claims situations prior to a claim being filed or assistance in mitigating the situation after a claim is filed, does not alleviate the responsibility of FTCA for the claim.

## VII. SUBRECIPIENTS

A subrecipient is an entity (not an individual contractor) which receives a grant or a contract from a deemed health center to provide a full range of health services on behalf of the deemed health center and only for those services under the scope of the project. Contractual relationships for individual services (e.g., laboratory, pharmacy) are not subject to FTCA coverage.

Subrecipients are required to meet the same requirements as the eligible health center. Consequently, each subrecipient shall be required to submit a deeming application, through the eligible health center, in order to qualify for FTCA coverage. Ideally, the health center should submit their application and that of any subrecipient(s) at the same time. However, a future application from a subrecipient will be considered for approval.

## VIII. DEEMING APPLICATION

The FSHCAA of 1995 requires health centers to apply, or re-apply, for deemed status in order for FTCA coverage to be

effective. Health centers can make application at any time
and BPHC must act upon the application within 30 days.

The deeming application targets the statutory requirements
for deeming including the health center's credentialing,
risk management systems, and past claims history. A
checklist is provided where possible for ease of completion
and review. In addition, the on-going monitoring system of
the BPHC will continue to focus on the quality of care in
funded health centers through the Primary Care Effectiveness
Review, mid-year assessment, etc.

Since the deemed status of currently deemed health centers
expires June 23, 1996, they must submit an application
postmarked no later than May 24, 1996 to prevent a gap in

FTCA coverage. Applications will be processed as received.
Failure to submit an application by the deadline shall
constitute notice of voluntary termination of FTCA coverage
eligibility.

Health centers (and subrecipients) applying for deemed
status must submit the following to the Director, Division
of Health Services Delivery, in the appropriate HRSA Field
Office (Attachment A):

A. A completed application with a proposed effective date.
   It is suggested that the expiration date on the private
   insurance policy be selected unless the health center
   is able to cancel the policy and receive a partial
   refund (Attachment B) and

B. A listing of the health center's current health care
   practitioner staff (employee and contractor) with the
   start work date, date of initial credentialing, and
   date of re-credentialing, as appropriate. This listing
   is for deeming purposes only and is not intended to be
   a list of the health care practitioners covered under
   the FTCA. Instead, it is supporting documentation that
   the health center has implemented a system for the
   credentialing of its practitioners.

C. A listing of the claims or suits brought against the



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**BUREAU OF PRIMARY HEALTH CARE**

Public Health Service

Health Resources and
Services Administration
Bethesda, MD 20814

FEB 29 1996

Ms. Nordine A. Williams
Executive Director
Ammonoosuc Community Health Services, Inc.
25 Mt. Eustis Road
Littleton, New Hampshire 03561

Dear Ms. Williams:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1992 and the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 102-501 and Pub.L. 104-73, respectively), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical, dental, and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. The PHS Act extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and their officers, governing board members, employees, and certain contractors, as specified below.

This action is based on the assurances provided on February 22, 1996, with regard to:
(1) implementation of appropriate policies and procedures to reduce the risk of malpractice;
(2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of all health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future; and
(4) cooperation with the DOJ in providing information related to previous malpractice claims history.

Contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) and part-time contractors providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services under the scope of activities covered by the Federal project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224.

Exhibit 2

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges cannot be denied on the basis of malpractice coverage through the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. In addition, managed care plans are required to accept FTCA as meeting whatever malpractice coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The effective date of eligibility for FTCA malpractice coverage is March 1, 1996. FTCA coverage is only applicable to acts or omissions occurring after this effective date for the scope of activities covered by the grant funded project.

For further information, please contact Dr. Robin Lawrence, Division of Health Services Delivery, HRSA Field Office, Boston, Massachusetts, at (617) 565-1456.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

June 21, 1996

Ms. Norrine A. Williams, ACSW
Executive Director
Ammonoosuc Community Health Services
25 Mt. Eustis Road
Littleton, New Hampshire 03561

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Robin Lawrence, D.D.S., Regional FTCA Coordinator, HRSA Field Office, Boston, Massachusetts at (617) 565-1426.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

Exhibit 3